8   353
30   100

## FRANK E. BOYCE, Respondent, *v.* UNION PACIFIC RAILWAY COMPANY, Appellant.

Negligence.— Personal Injury.— Bathing Resort.— The evidence showed that plaintiff, while in bathing at defendant's bathing resort on the beach at Great Salt Lake, cut his foot upon a piece of glass on the bottom, that the water was clear, the glass could in all probability have been seen had the bottom of the lake, where bathing was enjoyed, been examined in the morning, which the defendant failed to do; *held* that a verdict for the plaintiff was sustained by the evidence.

Appeal from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Williams and Van Cott,* for the appellant.

Cited 2 *Shearman & Redfield,* Neg. § 704, *Bennett* v. *Railroad Company,* 102 U. S. 577, *Heaven* v. *Pender,* 11 L. R. (Q. B. D.) 503.

*Mr. Samuel H. Lewis* and *Mr. C. Ira Krebs,* for the respondent.

Blackburn, J.:

This suit is brought for damages on account of injuries caused by the negligence of the defendant. Verdict and judgment for plaintiff; motion for new trial; motion overruled; and appeal both from the overruling of the motion for a new trial and the judgment.

Several errors are assigned, but the only one insisted upon is that the evidence does not support the verdict

23

and judgment. The complaint, among other things, alleges that defendant conducted a bathing resort known as "Garfield Beach" on the shores of Great Salt Lake. That defendant had exclusive control of the waters of the Great Salt Lake beach, and erected a pier and pavilion thereon, and bathrooms for the use of bathers; and that it advertised said resort, and invited the public there. That the defendant knowingly, negligently, and carelessly permitted a piece of glass bottle to be and remain in said waters at said place; and on said date plaintiff, acting on said general invitation, hired one of said bathrooms, and went into said waters to bathe, and while he was bathing, without any knowledge of said piece of glass, stepped upon the same, and cut and injured his left foot, and in consequence thereof was greatly injured, and suffered great pain of body and mind, to his damage in the sum of $3,000. The answer denies any negligence, injury, or damages. The testimony of the plaintiff is that on June 12, 1890, he went to Garfield beach, bought a ticket of defendant, and went in the lake to bathe; that while in there he cut his foot badly on a piece of glass lying in the bottom of the lake where the people went to bathe; and that he was laid up a long time, and suffered great pain from the injury. How great the injury was it is not necessary to comment upon, as it is not urged that the damages are excessive. The water was shallow — about up to the knees. The defendant's testimony shows that it has men in its employ whose duty it is to carefully look over the bottom of the lake where the people bathed, and remove anything that might injure the feet of the bathers; that in the early morning the water was very clear, except when it was windy; and the bottom was clean sand, and everything lying on it could be easily seen, except when the water was stirred by wind, or by many bathers; and that the bottom of the lake was examined a short time before, but not the morning of the injury, nor the morning before;

and that every precaution was taken to prevent people from throwing things into the lake where people bathed that might injure the feet of the bathers. It was the duty of the defendant to use reasonable care to keep the bottom of the lake where people bathed free from everything that might injure the feet of the bathers, and the want of such reasonable care is negligence. If the defendant had examined the bottom of the lake the morning of the injury, it, in all probability, would not have occurred. The question was fairly submitted to the jury whether the defendant was guilty of negligence, and it found that it was; and we think the evidence justifies the verdict.

The judgment is affirmed, with costs.

ZANE, C. J., and MINER, J., concurred.