## Browning v. Nevils.

(Decided February 13, 1925.)

### Appeal from Whitley Circuit Court.

1. Trial—Propriety of Peremptory Instruction for Defendant Tested by Whether there is Any Evidence to Support Plaintiff.—Propriety of peremptory instruction for defendant must be tested by whether or not there is any evidence to support plaintiff.

2. Trover and Conversion—When it was Not Shown that Holder of Title Held Property as Trustee or Bailee of Plaintiff, he could Not Sue for Conversion.—Where defendant who originally owned printing plant conveyed it by bill of sale to plaintiff's son, and took reconveyance from son on son's failure to pay indebtedness

assumed, plaintiff could not sue for conversion in absence of showing that the son took title as trustee or bailee for him.

R. C. BROWNING and HENRY C. GILLIS for appellant.

MORRIS & JONES and STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant brought this suit in conversion against the appellee and his brother, Harry Nevils, charging them with having converted to their own use the printing plant and establishment of the Corbin Times. On the trial, the court gave a peremptory instruction for the defendants. Appellant appeals from so much of the judgment entered on that verdict as affects the appellee.

From the evidence, it appears that on the 5th day of April, 1920, the appellee, then the owner of the Corbin Times, conveyed the same by a bill of sale to H. A. Browning, the son of the appellant. The consideration was the sum of $1,500.00, which was paid by appellant, and the assumption by the grantee in that bill of sale, H. A. Browning, of certain lien and other indebtedness outstanding against the business. H. A. Browning took possession of the plant and operated it until the 24th day of May following, but with no financial success. The lien indebtedness against the business having fallen due and the creditors demanding their money and he not being able to raise the funds necessary to protect the plant, H. A. Browning by a bill of sale reconveyed the property to the appellee, who thereupon took possession of the same, and it is this repossession of the plant by appellee which appellant claims constituted the conversion. The dispute in this case turns on what transpired at the time appellee sold the plant in April. It will be noted that the bill of sale vested the legal title in H. A. Browning, but appellant claims that appellee knew at this time that the legal title was put in H. A. Browning simply as a matter of convenience, and that he held it as a trustee or bailee of appellant. Although appellee denies all this, the propriety of the peremptory instruction must be tested by whether or not there is any evidence to support appellant in his claim. Appellant's evidence to support his claim is too vague and uncertain. At the time of the purchase in April the title was put in the name of his son, Harold. The latter assumed

by the bill of sale over $2,000.00 in lien indebtedness. By reason of this assumption, this became his debt and his liability. The appellant assumed nothing and undertook no obligation to pay off the outstanding liabilities. Although it is true the appellant may have thought that he could have gotten his son to later on transfer this property to a corporation to be organized, it is apparent that the title of the property in the meantime was in the son and that at no time did appellant own or have any interest in the same.

This being true, he had no right to maintain this action for conversion, and the peremptory instruction was proper.

Judgment affirmed.