## MAEHLMAN v REUBEN REALTY CO

Ohio Appeals, 6th Dist, Lucas Co

No 2081, Decided Dec 3, 1928

Lee H Schminck, Toledo, for Maehlman. Marshall, Melhorn, Marlar & Martin, Toledo, for Realty Co.

**WILLIAMS, J**

Where one maintains a bathing beach in his own interest and in furtherance of such interest invites the public thereto, the duty rests on him to exercise ordinary care for the safety of his patrons in maintaining such bathing beach. In this respect a bathing beach is like any other place of amusement or recreation to which the public is invited.

Higgins vs. Agricultural Society, 100 Me., 565, 3 L. R. A., N. S., 1132, 62 Atl. 708; Decatur Amusement Park Co. vs. Porter, 137 Ill., App., 448, 452;

Greene vs. Seattle Athletic Club, 32 L. R. A., N. S., 713;

Turlington vs. Tampa Electric Co., 38 L. R. A., N. S. 72;

Wodnik vs. Luna Park Amusement Co., 42 L. R. A., N. S., 1070, and case note at p. 1073;

Brotherton vs. Manhattan Beach Improvement Co., 48 Nebraska, 563;

McKinney vs. Adams, Annotated Cases 1917-B, 326, and case note a p. 333.

Larkin vs. Saltair Beach Co., 30 Utah, 86, 100;

Frye vs. Railway Co., 22 A. L. R., 607, 610;

Durning vs. Hyman, 53 A. L. R., 851, 856;

**Eno vs. Baseball Club Co., 112 Ohio St., 175.**

The law is well stated in 45 Corpus Juris, page 858, Section 281.

This rule has been applied in cases in which a bather received injury from an injurious substance under the water.

Boyce vs. Railroad, 8 Utah, 353; 18 L. R. A. 509;

Wickersham vs. DuBois, 34 App. Cases, District of Columbia, 146;

Bass vs. Reitdorf, 25 Ind. App., 650.

The negligence charged against the defendants in the amended petition was in failing to inspect the beach under the water and failing to remove hidden and dangerous obstructions under the water and in failing to warn plaintiff of the existence of said obstruction. The finding of broken bottles upon the beach adjacent to the place where plaintiff sustained his injury was some evidence tending to show that defendants might reasonably have anticipated that glass may have gotten into the water, and the fact that the use of a rake after the accident almost immediately brought to light a broken bottle which, according to some of the testimony, was drawn out from the place where plaintiff sustained his injury, was evidence tending to show that a reasonable raking of the beach under the water at that point would have revealed the obstruction. Actual knowledge on the part of the defendants of the dangerous condition would not be necessary. Constructive knowledge would be sufficient. The presence of broken bottles upon the beach some time before, and the probability that some such bottles may have gotten into the water, and the other surrounding circumstances, constituted some evidence tending to show that the defendants should have known of the hidden danger in the exercise of ordinary care.

As there was some evidence tending to show negligence on the part of the defendants and that such negligence was the proximate cause of plaintiff's injury, the court erred in directing a verdict to the prejudice of the plaintiff. The judgment will therefore be reversed and the cause remanded for a new trial.

Richards and Lloyd, JJ, concur.