DORIS JOHNSON *vs.* DANIEL BAUER.

Bristol.    October 28, 1935. — November 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Of proprietor of bathing pier.

Negligence of the proprietor of a bathing pier on a river toward a patron for hire could not be found on evidence merely that the patron struck a "rock" on the river bottom when he dived from the pier into five feet of water where the bottom could not be seen.

TORT. Writ in the Third District Court of Bristol dated April 12, 1933.

The action was heard in the District Court by *Doran*, J., who found for the plaintiff in the sum of $800. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*R. A. Bogle*, for the defendant.

*F. Vera*, (*W. S. Downey* with him,) for the plaintiff.

FIELD, J. This action of tort was brought in the District Court by the plaintiff, a minor, by her next friend, to recover compensation for personal injuries sustained by her when bathing on a bathing beach conducted by the defendant.

There was a finding for the plaintiff. Two requests for rulings by the defendant were refused by the trial judge and his action thereon was reported — by a report containing all the evidence material to the questions reported — to the Appellate Division. The report was dismissed and the defendant appealed to this court.

The refusal of the trial judge to rule as requested by the defendant that "On all the evidence the plaintiff is not entitled to recover as there is no evidence of negligence on the part of the defendant" was error.

The trial took place on October 30, 1934, when, according to the plaintiff's testimony, she was twenty years old. Her case, as disclosed by the evidence, rests wholly on her own testimony. It could have been found therefrom that

on July 21, 1932, the defendant was conducting a "pavilion and bathing beach" on tide water of a river, that the plaintiff was a patron thereof for hire and while acting within the scope of the defendant's invitation to use the accommodations provided by the defendant sustained personal injuries. In these circumstances the defendant's duty to the plaintiff.— breach of which would constitute negligence on his part — was to use reasonable care to keep such accommodations in a reasonably safe condition for the plaintiff's use according to the invitation or to warn her against any dangers attendant upon this use which were not known to her nor obvious to an ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendant. *Blanchette* v. *Union Street Railway*, 248 Mass. 407, 412–413. *Kelley* v. *Goldberg*, 288 Mass. 79, 81.

The evidence did not warrant a finding of breach of this duty. The plaintiff testified that she "went in bathing about 2 P.M. After putting on her bathing suit, she went out on the pier which was part of the defendant's premises to a point about five feet west of the easterly end of the pier on the south side; that there was a ladder down the side of the pier into the water two or three feet west of where she was standing; that the weather was pleasant and the water was clear; that in her opinion the water was about five feet deep; that it was about up to her neck; that she was unable to see the bottom of the river bed because of the depth of the water; that she had been coming to this place to bathe and dive for the previous summer and during this summer (1932) almost every day; that she had dived from this same place or near it several hundred times; that on this occasion she dove into the water and her right hand struck a rock; that she knew it was a rock from the way it felt; that it was not sand; that she did not see any rock there and had never seen any rock there; that her only knowledge that it was a rock was from contact; that at the time her right hand came in contact with this rock, her left hand was not touching any object; that she sustained no cut or abrasion of her hand, but the force

of the impact caused pain in her elbow; that she emerged from the water by climbing the ladder on to the pier, was met on the pier by her friend and a life guard and conducted to the defendant's pavilion."

The plaintiff seeks to impose liability on the defendant by reason of the shallowness of the water and the existence of the "rock." There was, however, no evidence of the depth of water required for reasonably safe diving from the defendant's pier as it was situated, and it could not have been found on the basis of common knowledge — at least apart from the evidence in regard to the "rock" — that the accommodations, because of the shallowness of the water, were not reasonably safe. Compare *Blanchette* v. *Union Street Railway*, 248 Mass. 407, 411–413; *Turlington* v. *Tampa Electric Co.* 62 Fla. 398, 406–408.

The evidence in regard to the "rock" was meager. Neither its size or shape, nor the distance which it projected, if at all, above the surrounding river bed appears. Nor do the characterization of it as a "rock," rather than as a "stone," and the evidence that the "force of the impact" when the plaintiff's "right hand came in contact with this rock" "caused pain in her elbow" tend to prove any such facts by way of reasonable inference. And there is nothing in the evidence to show the length of time that the "rock" had been in the place where the plaintiff's right hand came in contact with it or the length of time it had been exposed, if at all, above the surrounding river bed. For aught that appears the "rock" may have been washed into its position or the surrounding river bed may have been washed away from it shortly before the plaintiff was injured. Even if the "rock," in the circumstances shown, could have been found to create an unreasonable hazard — as we do not decide — it could not have been found that this hazard had existed for so long a time that the defendant, knowing nothing about it so far as appears, in the exercise of reasonable care ought to have known of the dangerous condition and to have taken appropriate action to remedy it or to warn the plaintiff of it. See *White* v. *Mugar*, 280 Mass. 73, 75.

Since a correct disposition of the defendant's request for ruling which we have considered would have disposed of the case in favor of the defendant, it is unnecessary to deal with his other request for a ruling. The order dismissing the report must be reversed and judgment is to be entered for the defendant. G. L. (Ter. Ed.) c. 231, §§ 124, 141. *Beggelman* v. *Romanow*, 288 Mass. 14, 20.

*So ordered.*