Cohen, J.
This is an action of contract in which the plaintiff seeks to recover the face amount of a policy of life insurance issued by the defendant on March 27, 1936 to one Henry A. MoCarron, which policy was subsequently made payable to the plaintiff, a sister of the insured, duly designated as beneficiary under the policy. The defendant’s answer is a general denial and further alleges that the said policy was issued in reliance upon representations made by the insured to the defendant in his written application for the policy, which representations are alleged to have been false, and further stated that, among others, those representations were to the effect that the ap *424 plicant had never had any serious illness, that he had not been attended by a physician during the five years next prior to the execution of the application for insurance, and that he had not received any treatment at any hospital, dispensary or sanitarium within the said five year period. The defendant further answered that it was deceived by the insured' by reason of said false representations and that the matters thus misrepresented increased the risk of loss.
At the trial evidence was introduced showing that the insured signed an application for said policy of insurance and in that application stated in writing that he had never been attended by a physician during the five years next preceding the date of the application and that he had never had any treatment within that period at any dispensary, hospital or sanitarium.
The defendant called as a witness one Welch, Assistant Chief Attorney of the Veterans’ Administration at its office in Boston. Welch testified that he had in his custody records of the Veterans’ Administration with relation to the said McCarron and the parties agreed that said records were those of the said McCarron. Welch further testified that the said records were in court in answer to a subpoena, duly and properly issued to the Chief Attorney of the Veterans’ Administration, and that it had been decided by the proper authorities to waive the privilege of confidence given under the Federal laws to those records and that the witness was present in court with authority to disclose the contents of those records when requested so to do by the presiding justice; that those records included a complete health record of said McCarron, including, among other things, the records of all hospitals which he may have attended while receiving care in accordance with the rules of the Veterans’ Administration; that according to those *425 records the said McCarron was admitted to the Chelsea Naval Hospital on May 8,1935 and continued to be a patient at that hospital until July 25, 1935. The witness further testified that these records were made and. kept in accordance with the rules and regulations promulgated by the Administrator of the Veterans’ Affairs under the authority given him by virtue of the TJ. S- Code, Title 38; that under the Federal Code the Veterans’ Administration has the authority to send persons entitled to benefits under the Congressional Act to any hospital owned or operated by the United States Q-overnment for the purpose of receiving treatment at the said hospital.
After Welch had testified as above stated, the following question was then propounded to him on direct examination by the defendant:
“What do the records in your custody disclose with regard to the attendance, treatment, diagnosis, etc. of one Henry A. McCarron while he was a patient at the Chelsea Naval Hospital from May 8, 1935 to July 25, 1935?”
Upon objection by the plaintiff question as propounded was excluded. The defendant duly requested that that ruling be reported.
For many years prior to 1913 in this commonwealth entries in books of account were excluded as inadmissible in evidence unless testified to by a person who had personal knowledge of the transaction as shown on those books of account. This was decided in Kent v. Garvin, 1 Gray 148 and was followed in subsequent cases. Exclusion of such evidence was based upon the common law rules of evidence which obtained at the time of those decisions. The complexities of business as developed from time to time subsequent to the decision of Kent v. Garvin made it decidedly difficult, if not impossible, to present proof which would be *426 admissible under those rules of evidence of the common law. .This resulted in the passage of Ch. 288 of the Acts of 1913. That statute confined its operation to inquiries “in an account kept in a book or by a card system or by any other system of keeping accounts ’ ’ and that statute was held in Kaplan v. Cross, 223 Mass. 152 to be confined to “An entry in an account * * * book”. That interpretation of that statute resulted in the exclusion of evidence generally recognized by the community as reliable but which, under that interpretation, was not regarded in court as having sufficient verification to be received in evidence. The Judicial Council in its Fifth Report commented on this situation, then suggested that a general statute should be passed “covering all kinds of entries made in the regular course of business”, and accordingly recommended that Gen. Laws, Ch. 233, sec. 78, which incorporated the 1913 Act, be amended so as to accomplish that purpose and proposed a form of such amendment by substituting a sec. 78 in place of the then existing sec. 78. The Legislature adopted the recommendation of the Judicial Council in the Acts of 1930, Ch. 87. That amended section should be interpreted to effect the accomplishment of the intent of the Legislature. The Legislature, having passed the amendment in accordance with the recommendation of the Judicial Council, it may fairly be inferred that the intent of the Legislature was as expressed by the Judicial Council in its Fifth Report above referred to. It is there stated, “There are, however, records of various facts or transactions, not matters of accounting, which are just as reliable, as account books and which we think should be dealt with in the same way”. It is to be noted that similar statutes, in some instances identical in phraseology, are in force in several of the states. It is also to be noted that the exclusion of the question was not based on any finding that the record there *427 in. referred to had not been made in good faith in the regular course of business and before the beginning of this action and that it was not made in the regular course of business at the time that the acts entered in said record occurred or within a reasonable time thereafter. It is further to be noted that the word “business” as used in the amended section is expressly defined therein to include “profession, occupation and calling of every kind”. That definition of the word “business” did not appear in said section 78 in force at the time that the 1930 Act was passed. At the time of the exclusion of the question it had already appeared in evidence that the records inquired about were made and kept in accordance with the rules and regulations of the government authority and it further appeared from the fact that those records related to the treatment of MeCarron in the year 1935 that they were made prior to the beginning of this suit. It is an elementary principle that it is presumed that entries in governmental records are made in good faith. This exact question has never been passed on by our court of last resort so far as we have been a(ble to find in our own examination and no case in this commonwealth has been cited on this exact point in the briefs filed herein. In cases arising in other jurisdictions where a similar statute is in force a broad interpretation has been given to this section, and hospital records, otherwise inadmissible, have been admitted in evidence. See Johnson v. Lutz, 253 N. Y. 124, Borucki v. MacKenzie Bros. Co., (1938) 123 Conn. 92, Beverley Beach Chib v. Marron, (1937) 172 Md. 471, Gile v. Hudnutt (1937) 279 Mich. 378, Conion v. John Hancock Mutual Life Insurance Company (1936) 56 R. I. 88, Wigmore on Evidence, (2nd Ed.) Sec. 1530 (Vol. 3) et seq.
It is clear that the hospital record was not admissible under the provisions of Gen. Laws, Ch. 233, sec. 79 as the *428 necessary ground work had not and could not on this record be laid to make that record, admissible under the provisions of that section. In Karpowicz v. Manasas, 275 Mass. 413, a hospital record was excluded when offered in evidence. An examination of the record and briefs in that case shows that it was not claimed in that case that the hospital record was admissible under said section 78 but it was offered as being admissible solely under said section 79 and was excluded because there had not been offered the necessary evidence required as a prerequisite to the admission of a hospital record under the terms of said section 79. The court was not asked to and did not pass upon the- admissibility of that record under the provisions of said section 78.
In the instant case, the defendant was unable to make an offer of proof as it was ignorant of the contents of that hospital record. It requested and was granted permission to examine the witness so that such offer of proof might be made. On the witness then being requested to answer the excluded, question solely for the purpose of making an offer of proof, the witness declined to make answer unless the presiding justice received the records in evidence and further stated that he would be perfectly willing to disclose the contents of the. records, if the presiding justice requested him. to do so. The defendant asked the court to malee that request, which the court declined. Whether such refusal to make that request, under the particular circumstances shown by the record, constituted an abuse of discretion it is not necessary for us to decide, in view of the conclusion to which we have come with relation to the exclusion of the question as. propounded.
While ordinarily where a question is excluded on direct examination an offer of proof should be made in order that it may be determined whether or not an improper exclu *429 sion of the question was prejudicial to the party making the offer, there is sufficient in the record to show that the exclusion was probably prejudicial to the defendant. There was in evidence the fact that the insured was a patient at the Chelsea Naval Hospital for nearly three months and within the period covered by the questions in the application in answer to which he had denied having had any treatment at any hospital. The rule as to offer of proof has substantial basis. There must appear in the record sufficient to show that such exclusion of a question, if that exclusion was erroneous, was likely to have harmed the party propounding that question. There need not be a “formal tender of proof” when the probability of such harm otherwise appears. Daley v. Peoples Building Association, 172 Mass. 433, Collidge v. Boston Elevated Railway Company, 214 Mass. 568.
A majority of this division is of the opinion that the excluded question should have been admitted and that its exclusion was prejudicial error. New trial ordered.