ROLANDO TEXIDOR ET UX., Plaintiffs and Appellants, *v.* PUBLIC RECREATION AND PARKS ADMINISTRATION and the IOWA NATIONAL MUTUAL INSURANCE COMPANY, ETC., Defendants and Appellees.

No. 242.   Decided June 29, 1962.

*Manuel A. Bustelo* for appellants.    *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for the Public Recreation and Parks Administration. *Rieckehoff & Vargas* for the Iowa National Mutual Insurance Company.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Plaintiff sustained an accident while enjoying the facilities of the public bathing resort located in Luquillo beach. He arrived at that recreation area at about 10:00 a.m. one Sunday in the company of his family. He paid the 25-cent admission fee for the vehicle in which they were traveling. After parking and readying himself to spend a restful day, the plaintiff was chatting with some friends who were in his company. They were talking about pieces of glass and bottles which were lying near a palm tree. While they were thus conversing the plaintiff realized that one of his children, a boy six years of age, was walking toward the sea. He ran after him and about ten feet away from the place where he started he suffered a wound in one of his feet. He felt an acute pain and proceeded to the sea in order to stop the

bleeding and feel relief with the salt water. Shortly afterwards, after applying a tourniquet, he was removed to the emergency room where he received first aid. Later he was removed to a hospital and received treatment.

He brought this action against the Public Recreation and Parks Administration, operator of the bathing resort where the accident occurred, to recover the damages sustained.

The trial court dismissed the complaint on the ground that "no act of negligence on the part of the Public Recreation and Parks Administration had been established in connection with the accident sustained by plaintiff."

■ The Act creating the Public Recreation and Parks Administration provided that it shall have juridical personality with power to sue and be sued. Act No. 4 of June 30, 1947, 15 L.P.R.A. § 2 (1961 ed.). See, also, § 2 of Act No. 104 of June 29, 1955, 32 L.P.R.A. § 3062 (1961 Supp.).

■■ It is a well-settled rule that every entity which operates a recreation area owes the duty to exercise due care for the safety of persons who use the facilities made available to the public. *Ide* v. *City of St. Cloud*, 8 So. 2d 924 (Fla. 1942) ; *Johnson* v. *Bauer*, 198 N.E. 739 (Mass. 1935) ; *Gratto* v. *Palangi*, 147 A.2d 455 (Me. 1958). However, the duty to look after its patrons' safety does not make it an insurer. *Baltimore Terrace Associates* v. *Kegan*, 130 So. 2d 631 (Fla. 1961) ; *Curcio* v. *City of New York*, 9 N.E.2d 760 (N.Y. 1937) ; *Park Circuit & Realty Co.* v. *Ringo's Guardian*, 46 S.W.2d 106 (Ky. 1932). In this connection, it is said in 4 REDFIELD, Negligence, § 647 (1956 rev. ed.), cited in *Des Isles* v. *Evans*, 225 F.2d 235 (5th Cir. 1955) :

"The owner or operator of a public place of amusement or entertainment is not the insurer of the safety of his patrons, but owes to them only the duty of reasonable care. He is bound to exercise only the degree of care that would be expected of an ordinarily careful and prudent person in his position, and his duty is fulfilled when he makes the place as little dangerous as

such a place can reasonably be made, having regard to the contrivances necessarily used in conducting such a place."

Applying to the established facts the rule announced, the inescapable conclusion is that defendant is not liable for the damages sustained by plaintiffs. The evidence established that the Parks Administration maintains a crew of four or five men to clear the recreation area which comprises the Luquillo beach bathing resort. This crew is engaged every day since the early morning in picking up bottles, pieces of glass, etc., and clearing the area of the bathing resort. They make several rounds a day from one end to the other of the area devoted to the public. Only at noon time they have an hour off for lunch. While there are people on the beach they pick up and clear and deposit the rubbish in the containers placed at different places of the bathing resort. Furthermore, the Administration, conscious of the danger of scattered pieces of bottles and rubbish in general on the sand, established in the regulations for the use and enjoyment of the facilities in public beaches and bathing resorts a prohibition "of throwing rubbish and waste in the area of the bathing place and beach," 15 R.&R.P.R. § 6–2(6), and provided further that "any person who violates Rule (6) of this section, that is, throwing rubbish outside the containers intended for the same on said beach, shall be guilty of a misdemeanor..." *Id.* § 6–2(17). See 15 L.P.R.A. § 6 (1961 ed.) *Caldwell* v. *Village of Island Park*, 107 N.E.2d 441 (N.Y. 1952).

The great number of persons who go to Luquillo beach on Sundays and holidays is of general knowledge. It would be practically impossible to maintain a crew of men to do the cleaning which may be sufficient to pick up all the objects which may be thrown on the sand by the hundreds of persons who go to the bathing resort and which may produce wounds to the bathers and other visitors, in addition to the fact that such objects may be easily buried in the sand where they can

not be seen and yet cause damage to a barefooted person who when running steps with great force and drives the foot into the sand. Clearly, these dangers are accepted when using these recreation facilities. *Cf. Baker* v. *Topping*, 222 N.Y.S.2d 658 (1961). The mere presence of pieces of glass on such a frequented beach does not establish negligence on the part of the Parks Administration. No matter the care and diligence exercised, someone of the hundreds of persons who go to the beach may at any moment throw a broken bottle on the sand which may injure another bather, *Knight* v. *Wandermere Co.*, 284 P.2d 1106 (Wash. 1955); *Beverly Beach Club* v. *Marron*, 192 Atl. 278 (Md. 1937), and it would be impossible for the crew in charge of the cleaning to avoid such a thing.

Under all the circumstances, it appears from the evidence that the Parks Administration has adopted all reasonable measures to avoid possible damages. A demand to exercise greater care would practically make it an insurer of its patrons and, as we have seen, this is not the measure of its legal liability.

The judgment appealed from rendered by the Superior Court, San Juan Part, on November 6, 1959 will be affirmed.