ROLANDO TEXIDOR y su esposa ELBA FREMAINT, demandantes y recurrentes, *v.* ADMINISTRACIÓN DE PARQUES Y RECREO PÚBLICOS y la IOWA NATIONAL MUTUAL INSURANCE COMPANY, ETC., demandadas y recurridas.

*Número:* 242 *Resuelto:* 29 de junio de 1962

*Manuel A. Bustelo,* abogado de los recurrentes; *J. B. Fernández Badillo, Procurador General* y *Nilita Vientós Gastón, Procurador General Auxiliar,* abogados de la Administración de Parques y Recreo Públicos; *Rieckehoff & Vargas,* abogados de la Iowa National Mutual Insurance Company.

Sala integrado por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El demandante sufrió un accidente mientras disfrutaba de las facilidades que ofrece el balneario público localizado en la playa de Luquillo. Llegó a la mencionada área de recreo como a las diez de la mañana de un domingo en compañía de su familia. Satisfizo el pago de veinticinco centavos requerido para permitir la entrada del vehículo en que viajaban. Luego de aparcarse y prepararse para pasar un día de asueto, el demandante cambiaba impresiones con unos amigos que le acompañaban. Comentaban sobre los vidrios y pedazos de botella que había cerca de una palma. Cuando estaba así conversando, el demandante se percató de que uno de sus hijos, un niño de seis años, se dirigía hacia el mar.

Corrió tras él y a diez pasos del sitio de donde partió, sufrió una herida en uno de sus pies. Sintió un dolor profundo y continuó hasta la orilla del mar con la idea de lograr detener la sangre y sentir alivio con el agua salada. Al poco tiempo, tras aplicársele un torniquete, fue llevado a la sala de emergencia donde le administraron los primeros auxilios. Después fue llevado a un hospital y le curaron.

Inició esta acción contra la Administración de Parques y Recreo Públicos, operadora del balneario donde ocurrió el accidente, para recobrar los daños sufridos.

El tribunal de instancia desestimó la demanda por no haberse "probado acto de negligencia alguno de parte de la Administración de Parques y Recreo Públicos que se relacione con el accidente sufrido por la demandante". ■

La ley creadora de la Administración de Parques y Recreo Públicos estableció que tendría personalidad jurídica con facultad para demandar y ser demandada. Ley Núm. 4 de 30 de junio de 1947, 15 L.P.R.A. sec. 2 (ed. 1961). Además véase la Ley 104 de 29 de junio de 1955, Art. 2, 32 L.P.R.A. sec. 3062 (Suplemento 1961). ■

Es regla general aceptada que toda entidad a cargo de una área recreativa tiene el deber de velar por la seguridad de aquellos que utilizan las facilidades que pone a la disposición del público. *Ide* v. *City of St. Cloud*, 8 S.2d 924 (Fla. 1942); *Johnson* v. *Bauer*, 198 N.E. 739 (Mass. 1935); *Gratto* v. *Palangi*, 147 A.2d 455 (Me. 1948). Ahora, el deber de velar por la seguridad de sus patrocinadores no la convierte en una aseguradora. *Baltimore Terrace Associates* v. *Kegan*, 130 So.2d 631 (Fla. 1961); *Curcio* v. *City of New York*, 9 N.E.2d 760 (N.Y. 1937); *Park Circuit & Realty Co.* v. *Ringo's Guardian*, 46 S.W.2d 106 (Ken. 1932). A ese efecto se dice en 4 Redfield, *On Negligence*, (Rev. Ed. 1956) § 647, citado en *Des Isles* v. *Evans*, 225 F.2d 235 (5to. cir. 1955):

"El dueño o gerente de un establecimiento público de distracción o entretenimiento no es un asegurador de la seguridad de sus patrocinadores, y solamente tiene para con ellos el deber de ejercitar un cuidado razonable. Está obligado a ejercitar solamente aquel grado de cuidado que es de esperarse de un hombre prudente y razonablemente cuidadoso en su lugar y cumple con su deber cuando tiene el sitio en las condiciones de menos peligro posible que razonablemente se pueda obtener, tomando en consideración el equipo que sea necesario usar en la operación de tal lugar." 

Aplicando a los hechos probados la doctrina expuesta es inevitable la conclusión de que la demandada no es responsable de los daños sufridos por los demandantes. La prueba dejó establecido que la Administración de Parques mantiene una brigada de cuatro o cinco hombres para limpiar el área recreativa que comprende el balneario de la playa de Luquillo. Esta brigada se dedica todos los días desde temprano en la mañana a recoger botellas, vidrios, etc. y limpiar toda el área del balneario. Recorren el área dedicada al público de uno a otro extremo varias veces al día. Solamente al mediodía tienen una hora para almorzar. Mientras hay personas en la playa ellos recogen y limpian, depositando los desperdicios en los recipientes que hay colocados en diferentes sitios del balneario. Además la Administración, consciente del peligro que entraña el que queden desparramados por la arena los cascos de botellas y la basura en general, estableció en el reglamento que regula el uso y disfrute de las facilidades en las playas públicas y balnearios, una prohibición de "echar basura y desperdicios en el área del balneario y la playa" 15 R.R.P.R. sec. 6–2(6) y dispuso además "que cualquier persona que infringiere la Regla (6) de esta sección, o sea echar basura fuera de los recipientes que para tales fines existen en la playa, será culpable de delito menos grave . . ." id sec. 6–2(17). Ver 15 L.P.R.A. sec. 6 (ed. 1961). *Caldwell* v. *Village of Island Park*, 107 N.E.2d 441 (N.Y. 1952). 

Es de conocimiento general el enorme número de personas que acude a la playa de Luquillo durante los domingos y días feriados. Sería prácticamente imposible mantener una brigada de hombres para la limpieza que pudiera ser suficiente para recoger todos los objetos que puedan ser lanzados a la arena por los centenares de personas que acuden a este balneario, y que puedan ocasionar heridas a los bañistas y demás visitantes. Además del hecho de que dichos objetos pueden fácilmente enterrarse en la arena donde no pueden ser vistos y sin embargo causar daño a la persona descalza que al correr pisa con más fuerza y entierre el pie en la arena. Claramente estos son riesgos que se asumen al usar estas facilidades recreativas. Cf. *Baker* v. *Topping*, 222 N.Y.S.2d 658 (1961). La mera presencia de vidrios en una playa tan concurrida no establece negligencia por parte de la Administración de Parques. No importa el cuidado y la diligencia que se ejerzan, en cualquier momento puede alguna de los centenares de personas que acuden a la playa, tirar a la arena una botella rota, que puede ocasionarle una herida a otro bañista, *Knight* v. *Wandermere Co.*, 284 P.2d 1106 (Wash. 1955); *Beverly Beach Club* v. *Marron*, 192 A. 278 (Md. 1937), y sería imposible para la brigada a cargo de la limpieza evitar tal cosa.

. Dentro de todas las circunstancias según se desprende de la prueba, la Administración de Parques ha adoptado todas las medidas razonables para evitar posibles daños. Exigirle un cuidado superior sería prácticamente convertirla en aseguradora de los patrocinadores, y como hemos visto, no es ésta la medida de su responsabilidad legal.

*Se confirmará la sentencia recurrida dictada por el Tribunal Superior, Sala de San Juan, con fecha 6 de noviembre de 1959.*