Noe v. Commonwealth.

CASE 77.—PROSECUTION BY THE COMMONWEALTH AGAINST PEARL NOE FOR VIOLATING LOCAL OPTION LAW.—Sept. 23, 1909.

## Noe v. Commonwealth

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

Defendant convicted and appeals.—Dismissed.

Courts—Court of Appeals—Appellate Jurisdiction.—Under Cr. Code Prac., Sec. 347, providing that the Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors in the following cases only, viz.: "If the judgment be for a fine exceeding fifty dollars or for imprisonment exceeding thirty days"—there is no appeal to the Court of Appeals from a judgment for a fine of $50 and 10 days' imprisonment.

W. F. HALE for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

(No briefs.)

OPINION OF THE COURT BY JUDGE BARKER—Dismissing.

The appellant, Pearl Noe, was indicted, tried and found guilty of violating the local option law in Harlan county, Ky., and his punishment fixed at a fine of $50 and 10 days's imprisonment.

We do not find it necessary to consider the merits of this appeal, as we are clearly without jurisdiction to entertain it. Section 347 of the Criminal Code of Practice, in so far as applicable to the matter before us, is as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days." The money part of the punishment in this case does not exceed $50, nor does the imprisonment part exceed 30 days. Both branches of the verdict are, therefore, below the point which gives jurisdiction to this court.

In Bailey v. Commonwealth, 92 S. W. 545, 29 Ky. Law Rep. 105, we held, following Anderson v. Commonwealth, 77 Ky. 171, that this court was without jurisdiction where a judgment is rendered against a defendant for a fine of $50. Norris v. Commonwealth (Superior Court) 7 Ky. Law Rep. 515, involved the precise question we have here. In that case the judgment was for $25 in money and that the defendant be confined 10 days in the county jail. The appeal was dismissed for want of jurisdiction, it being said that, where the judgment is for both fine and imprisonment either the fine must exceed $50 or the imprisonment must exceed 30 days.

Appeal dismissed.