## Holcomb v. Commonwealth.

(Decided September 24, 1912.)

Appeal from Perry Circuit Court.

Appeal—Criminal Law—Jurisdiction.—The Court of Appeals is without appellate jurisdiction in misdemeanor cases, where penalty imposed is a fine of not more than fifty dollars or imprisonment not exceeding thirty days; and an appeal from a judgment fixing the fine at fifty dollars and imprisonment for ten days, must be dismissed.

H. C. FAULKNER, WOOTON & MORGAN for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing the appeal.

A. B. Holcomb was indicted by the grand jury of Perry County for the offense of assault with deadly weapon, a misdemeanor. He was tried, found guilty, and his punishment fixed at a fine of $50.00 and confinement in the county jail for ten days. He appeals.

The attorney for the Commonwealth moves to dismiss the appeal, because this court has no jurisdiction to hear it. The right of appeal in misdemeanor cases is regulated by section 347 of the Criminal Code of Practice, which is as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz.: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

Construing this section of the Code, this court in Noe v. Commonwealth, 134 Ky., 618, and Conley v. Commonwealth, 141 Ky., 730, held that no appeal lies from a judgment of conviction in misdemeanor cases, unless either the fine is for more than $50.00, or the imprisonment for more than 30 days. Hence, in the case at bar, this court has no jurisdiction, and the appeal must be dismissed.

It is so ordered.