## Dixie Fire Insurance Company v. Wallace.

(Decided May 9, 1913).

### Appeal from Estill Circuit Court.

1. Contracts—Agreement ,Necessary.—An agreement between the parties is an essential element in the formation of a contract.
2. Contracts—Agreement.—An agreement is the expression by two or more persons of a common purpose to affect their legal relations; it consists of their being of the same mind and intention concerning the matter agreed upon; and, if the parties were never of the same mind and intention concerning the subject-matter of the alleged contract, there was no contract.
3. Insurance, Fire—Wrong House Insured.—Where the owner of a house upon the north side of a railroad instructed a fire insurance agent to issue a policy of insurance thereon, and the agent examined a house upon the south side of the railroad which belonged to a third person, and issued a policy upon said house, properly describing it, there was no meeting of the minds of the agent and the owner of the house on the north side of the railroad, and the latter cannot recover under the policy for the loss of his house by fire.
4. Insurance, Fire—Wrong House Insured.—In the case above mentioned, the owner of the house upon the north side of the rail-

road can recover the premium paid upon the policy, it having been paid without consideration.

RIDDELL & FRIEND for appellant.

KELLY KASH, J. L. CARPENTER and C. R. FLYNN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Prior to 1907 the appellee T. Q. Wallace owned, with other property, a one-story house on the south side of the Louisville & Atlantic Railroad in Evans' Addition to the City of Irvine, in Estill County. Wallace also owned a cottage on the north side of the railroad, and not far from the cottage above described. The cottage on the north side of the railroad was occupied by Wallace's tenant.

In August, 1907, Wallace sold the cottage on the south side of the railroad to Collins, whose deed was recorded. In December, 1908, Wallace applied to Smith, the agent for the appellant, for a fire insurance policy for $500 upon his cottage situated "on the railroad." At the time he made the application Wallace directed Smith to go and look at the house, but did not tell Smith that he did not own any house on the south side of the railroad; and Smith says that he did not ask Wallace which side of the railroad the house was on, because he thought he knew. Smith examined the cottage on the south side of the railroad which Wallace had sold to Collins more than a year before, and finding the risk acceptable, wrote out the policy for $500, insuring "the one-story shingle roof frame building and its additions, on south side of L. & A. R. R. in Evans' Addition to Irvine, Kentucky, in Estill County," for a term of three years, for a premium of $10.50. Smith delivered the policy either to Wallace or to Wallace's brother, who was the cashier of a bank, and it was placed among Wallace's papers. Wallace agrees with Smith in saying he does not remember whether the policy was delivered to Wallace or to his brother at the bank, but he says he never read the policy until after the fire.

On November 9, 1911, Wallace's house situated upon the north side of the railroad was wholly destroyed by fire. He brought this action upon the policy and recovered a judgment for $500. The defendant appeals.

The defendant answered denying that it had ever insured Wallace's house on the north side of the railroad, or that it had ever intended to insure that house. It further alleged that the minds of Wallace and Smith never met in the transaction so as to form a contract, and that the company was not liable for that reason.

The trial judge overruled appellant's motion for a peremptory instruction, and instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the defendant company issued the insurance policy offered in evidence to plaintiff and that plaintiff had the legal title to the house described in said policy at the time it was burned and that the house that was insured by defendant for plaintiff was destroyed by fire they will find for plaintiff such sum as they believe from the evidence he has been damaged by reason of the destruction of said house not exceeding five hundred dollars, and unless they so believe they will find for defendant."

The instruction is erroneous in several respects. In the first place it erroneously submitted to the jury the question of plaintiff's title to the house described in the policy; and, in the second place, it erroneously assumed that the house described in the policy was the house that was burned. On the contrary, the evidence shows, without contradiction, that Wallace did not have title to the house that was described in the policy, and that the house described in the policy was never burned.

This is not a case where the parties intended and attempted to insure a certain building, which was mislocated by a mistake of the draftsman of the policy. Cases of that character are of easy solution, since the minds of the parties to the transaction agreed upon the contract, which could not be defeated by the failure of one of the parties to properly express it. In the case at bar, however, the minds of Wallace and Smith never met upon a common ground, since Wallace applied for insurance upon a house on the north side of the railroad, while Smith insured a house on the south side of the railroad, after an examination of the premises.

One of the essential elements of a contract, if not the most essential element, is the requirement that there must be an agreement between the parties. An agreement is the expression by two or more persons of a common intention to affect their legal relations; it consists

in their being of the same mind and intention concerning the matter agreed upon. 9 Cyc, 244. But here the parties never agreed upon the subject of the contract.

It is apparent, therefore, without any extended discussion, that Wallace and Smith were never of the same mind and intention concerning the house which was to be insured, and for that reason there was no contract between Wallace and the appellant. The policy, as written, accurately expressed Smith's understanding of the contract, and did not insure the house that was burned. There is no dispute as to the facts of the case. There is no charge of bad faith upon either side; on the contrary, both Wallace and Smith expressly concede the good faith of the other throughout the transaction. Under this evidence the court should have sustained appellant's motion to peremptorily instruct the jury to find for the defendant.

But as there was no consideration for the $10.50 premium paid upon the policy, Wallace is entitled to recover that amount, with interest from the date of its payment.

Judgment reversed, and cause remanded for a new trial.