Fields v. Commonwealth.

(Decided May 11, 1923.)

Appeal from Bracken Circuit Court.

Criminal Law—Court of Appeals Has no Jurisdiction Where Judgment was Fine of $50.00 and Imprisonment for Thirty Days.— Under Criminal Code of Practice, section 347, confining the juris-

diction of the Court of Appeals in prosecutions for misdemeanors to judgments inflicting a fine of more than $50.00 and imprisonment exceeding thirty days, the court has no jurisdiction over an appeal from a conviction for selling intoxicating liquors for which the punishment was fixed at a fine of $50.00 and thirty days' imprisonment; it being immaterial that a greater punishment might have been inflicted under the statute.

M. J. HENNESSEY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

Appellant, Winnie Fields, was indicted, tried and convicted in the Bracken circuit court for unlawfully selling intoxicating liquors and his punishment fixed at a fine of fifty dollars and thirty days' imprisonment in the county jail.

On this appeal from the judgment his counsel insists on a number of alleged errors, chief among which is that the indictment is defective and the demurrer filed thereto should have been sustained. If the case was one of which we had jurisdiction we would have no trouble in concluding that the record is free from substantial errors and that it reveals no grounds authorizing a reversal of the judgment; but under the provisions of section 347 of the Criminal Code we have no jurisdiction of this appeal. That section expressly confines our appellate jurisdiction in penal actions and prosecutions for misdemeanors to judgments inflicting a fine of more than fifty dollars and imprisonment exceeding thirty days, and note 1 to the section cites a number of cases in which the appeal was dismissed where the fine did not exceed fifty dollars or the imprisonment thirty days, some of the latest of which are Noe v. Commonwealth, 134 Ky. 618, and Holcomb v. Commonwealth, 149 Ky. 442, with others cited in those opinions. From them it will be seen that the fact governing the appellate jurisdiction is the amount of the fine or imprisonment actually imposed and not the extent of the punishment which might be imposed for the offense with which defendant was accused.

In the very recent case of Deskins v. Childers, Judge, 195 Ky. 209, the precise question was determined by us in an opinion by Chief Justice Hurt, in which case the

violation of the same law for which appellant was indicted was involved and we therein held that we had no jurisdiction to review the judgment therein rendered (which was exactly the same as the one in this case) and by necessary implication held that the fact that a greater punishment might have been inflicted under the statute would not affect the right of appeal by the defendant.

It, therefore, results that we have no jurisdiction of this appeal, and it is accordingly dismissed.