## Wright v. L. C. Powers & Sons.

(Decided May 1, 1931.)

R. L. POPE and T. B. CULTON for appellant.

TYE, SILER, GILLIS & SILER and HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Russell Wright, by his father, W. H. Wright, as his next friend, brought this action to recover from L. C. Powers & Sons damages for the breaking of his arm, which he alleged was by reason of the negligence of the defendants. The issues were made up, the evidence was heard, and at the conclusion of the plaintiff's evidence the court peremptorily instructed the jury to find for the defendants. The plaintiff appeals.

The facts are these: Main street in Corbin runs at right angles with Fourth street. W. H. Smith owned a lot at the corner of Fourth and Main. His dwelling house was next to the corner and in it he kept a boarding house. Fronting on Fourth street and next to the boarding house was a dwelling house which Smith rented out. W. H. Wright was living in this house with his family. By the side of the house was a driveway about 10 or 12 feet wide leading to the back of the lot to a garage where Wright kept his car, and to several other garages back there used by Smith and his tenants. L. C. Powers & Sons were contractors in Corbin and as such used a number of trucks. One of these trucks ran out of gasoline as one of the agents of Powers & Sons were driving it the night before after work hours. He boarded with Smith, and after this truck would not run any further he got another truck of Powers & Sons and pulled this truck into the driveway in question and left it standing in the driveway near the corner of Wright's house. The next morning Orlando Wright, the son of W. H. Wright, got his father's car out of his garage and drove it out the passway, but found it a very close shave to get through between the truck and the fence. When he came back from this trip, fearing that the place was too narrow to go through safely with his car, he stopped his car; he and Russell Wright, who was with him, tried to push the

truck out of the way, but could not move it. He got into the seat of the truck to manipulate the ignition key and told Russell Wright, who was with him, to crank the truck. Russell turned the crank. The engine back-fired and the crank struck and broke Russell's arm. They did not know that the truck had been left there because it was out of gas.

Russell Wright was fifteen years old in August. The accident occurred in the preceding June. Orlando was twenty years old. No complaint had been made to any one that the truck had been left there. It had been standing there something over twelve hours. The question presented is: Are Powers & Sons liable to Russell Wright for the breaking of his arm? It is earnestly insisted for him that the defendants were negligent in leaving their truck in the driveway, and that their wrongful obstruction of the driveway was the proximate cause of plaintiff's injury. These rules are well settled:

> "To authorize a recovery in such actions there must be not only negligence by the defendant, but that negligence must be the proximate cause of the accident producing the injury. No matter how negligent one may be, if his negligence does not result in injury to another, the latter has no ground of recovery." Blue Grass Coal Corp. v. Combs, 205 Ky. 765, 266 S. W. 642, 644.
>
> "It is furthermore the well-settled rule that, even where negligence is shown, yet there can be no recovery, unless it also appears that the injury complained of was the proximate result of the negligence." McEvilly v. L. E. Myers Co., 211 Ky. 34, 276 S. W. 1068, 1070.
>
> "The proximate cause of any injury is that which, in a natural and continuous sequence unbroken by any independent responsibile cause, produces the injury, and without which it would not have occurred. It is not a question of science or legal knowledge." Kentucky Traction & Terminal Co. v. Roman's Guardian, 232 Ky. 288, 23 S. W. (2d) 272, 273.
>
> "We have found that courts everywhere refuse to apply the attractive nuisance doctrine, where the infant was as much as, or more than, 14 years of age." Louisville & N. R. R. Co. v. Hutton, 220 Ky. 287, 295 S. W. 175, 179; 53 A. L. R. 1328.

As Russell Wright was over fourteen years old, the attractive nuisance doctrine has no application. The fact is there was nothing in the facts to make the truck an attractive nuisance. It was not a source of danger to any one in itself. The cause of the injury to Russell Wright was his undertaking to crank the truck. The owner of a car who leaves it standing anywhere is not liable to another who comes along and undertakes to crank the car for purposes of his own. He who does this takes the risk. There is no more reason for holding the defendant liable here than there would be if it had parked the truck on Fourth street near the entrance to the driveway and the boys had undertaken to move the truck to get it farther from the entrance. There was no danger in the truck as it stood if it was left alone. The proximate cause of Russell Wright's injury was his undertaking to crank the truck. The fact that the truck had been left in the driveway was not the proximate cause of his injury, but a new and independent cause set in motion by him was the cause of it. 45 C. J. p. 928, 929, sec. 289, and notes a and b.

Judgment affirmed.