# Ice Delivery Co. et al. v. Thomas.

March 27, 1942.

Wheeler & Shelbourne for appellants.

McMurry & Reed for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellee, Gus Thomas, Jr., an eight year old child, was awarded $3,000 in an action filed by him to recover damages for personal injuries sustained when he fell or was thrown from an ice truck of the appellant, Ice Delivery Company, driven by an employee, the appellant, Walter Collins, and this appeal follows.

The boy got on the truck at 6th and Ohio Streets, in Paducah, where the appellant, Ice Delivery Company, maintains a small ice house and sells ice from a platform. Evidence for the appellee is that he and his brother, George, were at the ice house when the truck arrived and that just before it drove away Gus asked Collins to let him ride but that Collins made no answer, whereupon Gus climbed upon the back steps of the truck and sat down at the back end of the truck. According to Gus, Collins, after he got in the cab of the truck, looked back at him through a window in the rear of the cab. According to George, Collins was at the rear of the truck when Gus got on it. In any event, the truck drove off and as it passed over a railroad crossing at 6th and Norton Streets Gus either fell or was thrown from the truck and sustained severe personal injuries. According to Gus, after the truck had gone about a block down the street Collins looked back through the rear window in the cab and saw him on the truck. According to another witness, who testified for appellee, Gus was standing on the rear step of the truck, eating ice, and was holding on with one hand.

Collins testified that at the time he entered the truck and drove off he saw people around the ice house but he did not remember whether any boys were there or not. He said that when he got into the truck he looked back to see if anyone was on or near it and did not see the boy on the truck and, in fact, did not know that he was on it or had fallen from it until he received information to that effect later in the day. The truck did not stop when the boy fell.

The petition alleged that the defendants knew, *or by the exercise of ordinary care should have known,* that the plaintiff was on the truck and operated the truck in such negligent manner as to cause the plaintiff to be thrown therefrom into the street. The case was sub-

mitted to the jury under an instruction that if Collins knew, or had reasonable grounds to believe, that the plaintiff was on the truck, then it was his duty to exercise ordinary care so as not to injure the plaintiff, or if Collins knew, *or had reasonable grounds to believe,* that the plaintiff was on the truck in a dangerous place then it was his duty to remove the plaintiff from the truck before driving it.

It is first contended that a verdict should have been directed for appellants because there was no proof that Collins saw the appellee on the truck. We think, however, there was sufficient evidence to go to the jury on this question in view of appellee's testimony that he asked permission to ride on the truck and that Collins on two occasions looked back through the cab window at him. In addition to this testimony there was the testimony of appellee's brother, George, that Collins was behind the truck when appellee got on it. There was sufficient evidence to justify a finding that Collins knew the appellee was on the truck.

The next contention is that the petition did not state a cause of action by reason of the allegation that Collins knew, *or by the exercise of ordinary care should have known,* that the plaintiff was on the truck in a position of danger. This same contention carries through to the instruction by which the jury were told that if Collins had reasonable grounds to believe that the plaintiff was on the truck and in a place of danger then it was Collins' duty to remove him from the truck before driving it. It is our conclusion that this contention must be sustained and that the judgment must be reversed on account of this error.

If the child was on the truck with Collins' knowledge, then, of course, Collins owed him the duty to exercise ordinary care to prevent injuring him. However, if the child was not on the truck with Collins' permission, which Collins says is the case, the child was a trespasser and the case must be governed by the general rules applicable to injuries to trespassers. The rule applicable to liability to trespassers, especially to trespassing children, was stated in Lyttle v. Harlan Town Coal Co., 167 Ky. 345, 180 S. W. 519, 520, as follows:

"Leaving out of view the 'attractive place' doctrine, the rule is that, under ordinary conditions, trespassing children occupy the same attitude as trespassing

adults, thus imposing on other persons only the duty of exercising ordinary care to prevent injury to them *after their peril has been discovered.* This is a rather harsh doctrine, but it is firmly fixed as the law of this state by numerous decisions, and is also the prevailing rule announced by courts generally.''

See, also, Meredith v. Fehr, 262 Ky. 648, 90 S. W. (2d) 1021. The petition charged that the defendants knew *or by the exercise of ordinary care should have known,* that the plaintiff was on the truck and for this reason failed to state a cause of action because the appellants were under no duty to exercise ordinary care to discover the fact that the appellee was on the truck. For the same reason the instruction was erroneous in submitting the case to the jury on the theory that appellants were liable if they had reasonable grounds to believe that appellee was on the truck. The only duty imposed on Collins was to exercise ordinary care to prevent injury to appellee after his peril was discovered, that is, after it was discovered that appellee was on the truck in a position of danger or peril.

The above conclusion is based on the assumption that the ice truck was not an attractive nuisance. If it was such, the ordinary rules as to trespassing children would not apply since one who knows, or ought in the exercise of ordinary care to know, that an appliance or structure within his control is alluring and attractive to children and endangers them must exercise ordinary care to prevent children from coming in contact therewith and being injured. We are cited to no case going so far as to hold that a truck is within the application of the attractive nuisance doctrine. On the contrary a truck was held not to be an attractive nuisance in Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S. W. (2d) 465. In Dominion Construction Co. v. Williamson, 217 Ky. 62, 288 S. W. 1018, a standing box car was held not to be an attractive nuisance. In Foster-Herbert Cut Stone Co. v. Pugh, 115 Tenn. 688, 91 S. W. 199, 4 L. R. A., N. S., 804, 112 Am. St. Rep. 881, a wagon constructed with a low bed for hauling stone, on which a child climbed, was held not to be an attractive nuisance. In Bruhnke v. City of LaCrosse, 155 Wis. 485, 144 N. W. 1100, 50 L. R. A., N. S., 1147, a dump wagon was held not to be an attractive nuisance. In Conlon v. Bailey et al., 58 Ill. App. 261, a child climbed upon a step on the rear of an ice wagon

and was injured by a block of ice falling on him. In holding that a directed verdict was proper the court said:

> "Being on the step without notice to the driver, the defendants in error were only under obligations of 'general humanity,' 'not wantonly or carelessly to be an aggressor' toward him."

In Mayfield Water & Light Co. v. Webb's Adm'r, 129 Ky. 395, 111 S. W. 712, 713, 18 L. R. A., N. S., 179, 130 Am. St. Rep. 469, this court said:

> "The tendency of the more recent cases is to restrict, rather than enlarge, the application of the principle laid down in what are called Turntable Cases, and to hold that the defendant is not liable unless he knows, or ought in the exercise of ordinary care to know, that his structure is alluring to children and endangers them."

It seems clear, in the light of the foregoing authorities, that an ice truck cannot be regarded as an attractive nuisance. This being true, the ordinary rules governing liability to trespassers are applicable to this case.

Another ground for reversal urged is that the trial court committed error in rejecting evidence offered by appellants to the effect that Collins was a careful driver. This question has been decided adversely to appellants' contention numerous times. See Siler v. Renfro Supply Co. et al., 233 Ky. 487, 26 S. W. (2d) 12, and cases therein cited.

It is further contended that the verdict was not sustained by the evidence since the petition alleged wanton and gross negligence and there was no evidence of such negligence in the case. This contention is without merit since, under an allegation of gross negligence, the plaintiff may recover for any lesser degree of negligence. Pendly v. Illinois Cent. R. R. Co. et al., 92 S. W. 1, 28 Ky. Law Rep. 1324.

Judgment reversed with directions to grant the appellants a new trial and for further proceedings consistent with this opinion.