**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

**Opal BURKETT, as Mother & Next Friend of Brenda Burkett, an Infant Two Years of Age, Appellant,**

**v.**

**SOUTHERN BELLE DAIRY COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Fritz Krueger, Russell Jones, Somerset, Allen Prewitt, Frankfort, for appellant.

Smith & Blackburn, Ben D. Smith, Somerset, for appellee.

WADDILL, Commissioner.

Opal Burkett, as next friend of Brenda Burkett, an infant, filed this action against the Southern Belle Dairy Company, seeking damages for an injury the child suffered when the cab door of the company's truck allegedly closed upon the child's right hand, severing the tips of her first and second fingers. The court, after hearing the evidence, sustained the company's motion for a directed verdict, and a judgment was accordingly entered.

There is no dispute about the facts. The truck was used to deliver and vend milk, ice cream, and soft drinks. On the occasion of the accident, Bennie Stevens, the operator of the truck, had parked the truck on a public street directly in front of the combined store and residence of Brenda Burkett's grandfather for the purpose of delivering milk to the store. Stevens had carried the milk into the store when he heard a child scream, and upon investigation, discovered Brenda and two other small children inside the truck. The tips of two fingers on Brenda's right hand had been cut off

and were found in a groove near the left doorjamb. Because of their youth, or their fright, or the combination of both, neither Brenda, nor the other two children who were with her, could explain how the accident occurred. Apparently there were no other witnesses to the accident.

It was shown that the truck was specially designed and constructed for the business in which it was being employed. The doors of the truck open and close by folding, in the same manner as doors of a city bus. These doors can be mechanically operated by a spring lever which is located over the left door, inside the cab. When these doors are not closed securely, they can be opened, or closed, by pushing upon them.

The appellant contends that the case should have been submitted to the jury on the theory that the truck was an attractive nuisance, and in support thereof, cites the following cases: Kentucky Utilities Co. v. Garland, 314 Ky. 252, 234 S.W.2d 753, 27 A.L.R.2d 198; Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R. 974; Union Light, Heat & Power Co. v. Lunsford, 189 Ky. 785, 225 S.W. 741; Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S.W.2d 43; and, United Zinc & Chemical Co. v. Van Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615, 36 A.L.R. 28. We have examined these cases and find that they are not controlling in the instant case.

The facts in Ice Delivery Co. v. Thomas, 290 Ky. 230, 160 S.W.2d 605, are somewhat similar to those of the instant case, and there we held that an ice truck was not an attractive nuisance. We can see no substantial difference between a truck designed to haul ice and a truck constructed to vend milk insofar as they are alluring to children. In view of the Thomas case, and the tendency of our Court to restrict, rather than to enlarge, the attractive nuisance doctrine, we have concluded that the truck in question did not constitute an attractive nuisance. Goss v. Shawnee Post No. 3204, V. F. W. of U. S., Ky., 265 S.W.2d 799; Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S.W.2d 465.

Judgment affirmed.