**Lorretta H. MOORE, Appellant,**

v.

**Richard M. BOTHE, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Edward F. Rectenwald, Robinson, Rectenwald, Tackett & DeMoss, Louisville, for appellant.

Wayne J. Carroll, Raleigh Jones, Ewen MacKenzie & Peden, Louisville, for appellee.

OSCAR SAMMONS, Special Commissioner.

Lorretta H. Moore brought this suit for personal injuries against Richard M. Bothe, arising out of a rear-end automobile collision which occurred in Louisville on January 27, 1969. Appellant claims to have suffered a neck injury. In her complaint she seeks both compensatory and punitive damages.

Richard L. Dotson, a sergeant of the Louisville Division of Police, testified that soon after the accident he arrived on the scene and arrested Bothe for being intoxicated. Bothe entered a plea of guilty to being drunk in a public place. However, in his deposition he denied being drunk at the time of the collision.

Lorretta H. Moore's attorney sought to introduce evidence of a prior conviction against Bothe for operating a motor vehicle under the influence of alcoholic beverages about four years previous to the incident involved in this action. The trial court denied him that right.

The trial court at the close of all the evidence directed a verdict for appellant for compensatory damages and gave the following instruction as to punitive damages:

"If you believe from the evidence that the negligence of the defendant was gross as that term is hereafter defined, you may in your discretion award punitive damages in addition to compensatory damages, not to exceed on this account the sum of $5000.00, the amount claimed. You will say by your verdict what portion of your award is for punitive damages and what portion of your award is for compensatory damages."

Appellant's attorney objected to this instruction on the grounds that the court should instruct that if Bothe was driving his automobile while intoxicated he was, as a matter of law, guilty of gross, willful, and wanton negligence; and since the defendant had admitted that he was intoxicated at the time of the trial on that charge, there should be no issue on that part insofar as the jury was concerned. The jury awarded compensatory but no punitive damage.

■ It is the general rule of this Commonwealth that punitive damages are not recoverable as a matter of right and that the award of such damages rests within the discretion of the jury. See Louisville & N. R. Co. v. Logan's Adm'x, 178 Ky. 29, 198 S.W. 537; Hurst v. Southern R. Co. in Kentucky, 184 Ky. 684, 212 S.W. 461; Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S.W.2d 971; Chesapeake & O. R. Co. v. Johns' Adm'x, 155 Ky. 264, 159 S.W. 822; Cincinnati, N. O. & T. P. R. Co. v. Ackerman, 148 Ky. 435, 146 S.W. 1113; Neely v. Strong, 186 Ky. 540, 217 S.W. 898; Chesapeake & O. R. Co. v. Conley, 136 Ky. 601, 124 S.W. 861.

In Louisville & N. R. Co. v. Logan's Adm'x, supra, the court said:

"* * * In the second place, the instruction itself is not in proper form because it gave to the jury a mandatory direction to award punitive damages in the event the grounds therefor existed, instead of leaving the matter to their discretion."

This principle of the law of negligence is generally accepted by this Commonwealth, as well as most other jurisdictions. See 22 Am.Jur.2d, Damages, Paragraph 240 at pages 327 and 328.

"It is a well-established rule in most jurisdictions in which exemplary damages are recoverable that such damages are not recovered as a matter of right, even though the facts of the case may be such as to make their allowance proper, but rather, that their allowance rests in the discretion of the jury."

■ It is the opinion of this court that the instructions given by the trial court correctly stated the law as it applies to punitive damages.

On the question of the trial court's refusing to allow appellant to introduce evidence of appellee's having been found guilty of operating an automobile while intoxicated, appellant cites Ashland Dry Goods Company v. Wages, 302 Ky. 577, 195 S.W.2d 312, and First National Insurance Company of America v. Harris, Ky., 455 S.W.2d 542. We find no comparison between the cited cases and the case at bar.

■ It is a general rule of law in this Commonwealth that evidence of other acts, even of a similar nature, of the party whose own conduct is in question is not competent to prove the commission of a particular act charged against him unless his former acts are connected in some special way with the particular act, indicating

a relevancy beyond mere similarity. See Price v. Bates, Ky., 320 S.W.2d 786; Ice Delivery Company v. Thomas, 290 Ky. 230, 160 S.W.2d 605; Siler v. Renfro Supply Company, 233 Ky. 487, 26 S.W.2d 12, and Massie v. Salmon, Ky., 277 S.W.2d 49. In Dawson v. Shannon, 225 Ky. 635, 9 S.W.2d 998, this court overruled the trial court for allowing evidence of a habit of drunkenness in a negligence case in which there was evidence of defendant's drinking at the time of the accident. See also City of Madisonville v. Stewart, Ky., 121 S.W. 421.

It is the opinion of this court that the trial court correctly denied the appellant the privilege of introducing evidence of a prior conviction of drunken driving four or five years prior to this accident.

The judgment is affirmed.

All concur.