**AUDIOVOX CORPORATION,**
**Appellant,**

v.

**Vicki MOODY, Appellee.**

**No. 86–CA–1729–MR.**

Court of Appeals of Kentucky.

Oct. 2, 1987.

James C. Ludwig, Edward J. Brockman, Jr., Louisville, for appellant.

Oliver H. Barber, Jr., Thomas J. Banaszynski, Louisville, for appellee.

Before HOWERTON, C.J., and COMBS and MILLER, JJ.

COMBS, Judge.

Appellee, Vicki Moody, filed claims in Jefferson Circuit court against appellant Audiovox Corporation, Audiovox Kentucky Corporation, and Ray Hass. Appellee made claims of civil rights violations, breach of oral contract or wrongful discharge from employment, and outrageous conduct. Her civil rights claims were severed from the remaining claims prior to trial by jury. The jury returned a verdict in favor of appellee as against Audiovox Corporation (hereafter appellant), and awarded her $20,000 compensatory damages and $125,000 punitive damages for her wrongful discharge claim. The jury found for Ray Hass as against appellee, and awarded nothing for her claim of outrageous conduct. Appellant alleges several errors by the trial court.

Factually, appellee was employed as office manager at Audiovox Kentucky, and Hass was her immediate supervisor. Her work eventually led her to believe that Hass was diverting company funds to his own use and benefit. She went to the New York offices of appellant, with company books, to attend a meeting of credit managers. According to her testimony, members

of appellant's management became suspicious of her books and began to inquire of her about them. She responded that she was fearful of saying anything about the subject because if Hass ever learned that she had he would discharge her. Appellee testified that at that point the management people assured her that if she would divulge what she knew she would not be discharged, and that Hass would never learn she told. Appellant's version of the story is that its people never made such assurances, and that appellee offered the information about Hass gratuitously, with no consideration from appellant.

Appellee returned to Kentucky. Appellant conducted an audit of Audiovox Kentucky but found no discrepancies. Hass summoned appellee to his office and questioned her about what she had told the New York people, and when she feigned ignorance he discharged her.

█ The first alleged error we shall consider is that of personal jurisdiction. Appellant says it was never properly before the court because it is a New York corporation, not licensed to do business in Kentucky as a foreign corporation. Further, appellant argues, it in fact never did business in Kentucky, and was never appellee's employer. Appellant says appellee was an employe of Audiovox Kentucky, and that although Audiovox Kentucky is a wholly-owned subsidiary of appellant, it is a separate legal entity.

Yet, as appellee responds, appellant manages all operations of Audiovox Kentucky, including selling supplies, managing its accounts receivable and payable, approving employee raises, managing the insurance and payroll, conducting audits, and hiring branch managers. Also, the corporate officers of appellant and Audiovox Kentucky are identical with one exception. We believe these facts amply satisfy the requirements of KRS 454.210, Kentucky's long-arm statute, and that the trial court correctly assumed jurisdiction over appellant.

Appellant next contends that pursuant to CR 20.01 the trial court erred by not severing the separate claims of appellee versus appellant from appellee versus Hass. Appellant felt prejudiced, but we do not agree. The jury returned a verdict in favor of Hass. The jury did not consider Hass' behavior outrageous which tells us that any error was harmless.

Appellant, citing CR 9.06, next argues that the trial court erred by improperly allowing appellee to offer evidence of her lost wages. However, appellee's complaint claimed lost wages as a result of her wrongful discharge. Thus, we believe CR 9.06, which exists to prevent unfair surprise to a defendant, was satisfied.

Appellant's next assignment of error is that the trial court failed to properly limit the amount appellee could recover for her lost wages. Appellee calculated that during the time between her discharge and trial she lost $32,860 in wages. This amount was mitigated by $6,693 in other income. Thus, the court's instructions limited her claim of lost wages to $26,167. We see no error by the trial court.

█ Appellant argues that even if an oral contract did arise between appellee and itself at the New York meeting, it is unenforceable as within the statute of frauds. KRS 371.010.[1] We here will assume for the sake of discussing the statute of frauds issue that an oral contract was created at the New York meeting. We believe the contract does not come within the statute. If a contract may be performed within one year from the making thereof, the statute of frauds does not apply. *Johnson v. Kentucky Youth Research Center*, Ky.App., 682 S.W.2d 799 (1985). Well within one year from the assumed New York contract, the contingency which would have triggered its performance occurred; that is, Hass' learning or suspecting that appellee had incriminated him. Appellant, rather than perform what we have assumed to be an oral contract, as it could have done by intervening to appellee's rescue, breached the contract. Performance or breach either one could have

---

1. Lest there be any question about conflict of laws, we note that New York has adopted an identical statute of frauds, codified at N.Y. *General Obligations Law* § 5.701.

occurred at that time. It matters not for purposes of the statute's one-year rule that breach rather than performance took place, only that performance could have.

■ Appellant's next argument is that the trial court erred by instructing the jury on punitive damages, assuming breach of an oral contract was the basis of appellee's recovery. Here we must again assume, for the sake of resolving the issue, that an oral contract did exist.

The Kentucky Supreme Court has held that punitive damages are not recoverable for mere breach of contract. *Federal Kemper Insurance Co. v. Hornback*, Ky., 711 S.W.2d 844 (1986), citing *Cumberland Tel. & Tel. Co. v. Cartwright Creek Telephone Co.*, 128 Ky. 395, 108 S.W. 875 (1908). But if the breach includes tortious conduct the jury may be instructed on punitive damages, and award them. *Ford Motor Co. v. Mayes*, Ky.App., 575 S.W.2d 480 (1978). However, the jury should be made to realize that it is within their discretion to award punitive damages. *Chesapeake & O. Ry. Co. v. Conley*, 136 Ky. 601, 124 S.W. 861 (1910); *See also Moore v. Boothe*, Ky., 479 S.W.2d 634 (1972).

We conclude that instructions on punitive damages in breach of contract cases must include language to the effect that in order to make such an award the jury must find as a matter of fact that the conduct involved was tortious as adequately defined by the terms traditionally associated with outrage. It must also be made clear to the jury that an award of punitive damages is within their discretion. The trial court's instructions fell short of this mark, and we believe that was error.

■ Finally, appellant perceives error of the trial court in its instruction to the jury that reads:

1. If you believe from the evidence by a preponderance that Defendant Audiovox Corporation terminated Plaintiff's employment as a result of Plaintiff's reporting information regarding Defendant Ray Haas, then you will find for Plaintiff, Vicky Moody, on her claim against Defendant Audiovox Corporation.

We agree. The question of the existence of a contract is a question of fact for the jury to answer. *Hickey v. Glass*, 285 Ky. 848, 149 S.W.2d 535 (1941). The trial court should have instructed the jury to first determine if an oral contract arose out of the New York meeting. Secondly, the jury should have been instructed that if they believe a contract did arise, and that appellant was in breach due to the discharge, they should find for the appellee as against the appellant. Thirdly, if the jury found in the affirmative on the first two instructions, they should award appellee compensatory damages, and punitive damages according to an instruction we previously discussed.

Alternatively, should the jury decide that no contract existed, appellee's employment was at will. Then there would be a question of law for the court to decide; that is, whether appellee's discharge was for her failure to violate the law or for her exercise of a statutorily conferred right. *Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985); *Firestone Textile Co. Division v. Meadows*, Ky., 666 S.W.2d 730 (1984). Should the court conclude in the affirmative, then the jury must determine damages, including punitive damages if appropriately in issue.

The judgment of the Jefferson Circuit Court is hereby vacated and remanded for a new trial.

All concur.