892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PUBLIC FUNDING CORPORATION and David H. Padden, Plaintiffs-Appellants,
v.
LAWRENCE COUNTY FISCAL COURT and J.J. "Jake" Jordan,
Defendants-Appellees.
 No. 89-5486.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from a dismissal of their breach of contract suit. The suit, which was a diversity action, was dismissed on the basis of the amount in controversy being less than $10,000. Upon a review of the record, we conclude that the district judge abused his discretion in dismissing this action and reverse and remand.[1]
 
 I.
 
 2
 In 1986, the Lawrence County Fiscal Court acquired a new telephone system by entering into a lease-purchase agreement with Alcom Systems. This lease was assigned by Alcom to the plaintiff Public Funding Corporation (Public). On April 20, 1987, the defendants notified Public that they were replacing the equipment and would make no more lease payments. This litigation ensued, and in Public's complaint, it sought $10,725.88 in compensatory and consequential damages, as well as reasonable attorney fees provided for in the lease, and an unspecified amount of punitive damages. The $10,725.88 figure was comprised of $6,325.19 still owed on the lease and consequential damages flowing allegedly from additional expenses incurred by Public as a result of the breach.
 
 
 3
 The district judge, in finding that the amount in controversy was less than $10,000, concluded that plaintiff could not recover punitive damages. Audiovox Corp. v. Moody, 737 S.W.2d 468 (Ky.1987); Ford Motor Co. v. Mayes, 575 S.W.2d 480 (Ky.1978). The court also concluded that the consequential damages for lost business profits were too speculative. The $6,325.19 lease balance was deemed a legitimate claim as was the request for reasonable attorney fees which are recoverable under Kentucky law if provided for in the contract. Ky.Rev.Stat. § 422.195. The district judge concluded, however, that an attorney fee in the amount of $3,675 (which would be necessary to make up the difference between the $6,325.19 lease balance and the jurisdictional minimum of $10,000) would be unreasonable as a matter of law. The district court reached the conclusion on "unreasonableness" solely on the basis of the fact that an attorney fee of this sum would be in excess of fifty percent of the $6,325.19 recovery on the unpaid lease balance.
 
 II.
 
 4
 On appeal, plaintiffs argue that the district court erred in holding that there could be no recovery for punitive or consequential damages and in concluding that an attorney fee in the amount of $3,675 would be per se unreasonable. We elect not to address the issue of whether the court erred on the questions of consequential and punitive damages because we conclude it was an abuse of discretion to conclude at this stage of the proceedings that an attorney fee of $3,675 would have been unreasonable as a matter of law.
 
 
 5
 In Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 276 (1977), the Supreme Court stated:
 
 
 6
 The leading case on this point is St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), which stated this test:
 
 
 7
 "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." Id., at 288-289. (Footnotes omitted.)
 
 
 8
 Applying this test, we do not believe that it can be stated to a "legal certainty" that in a case still in its pretrial stage an attorney fee to be paid at the end of the case, which is roughly equivalent to half the damages, is per se unreasonable. This is true particularly if the dollar amounts are small. A fee of $500,000 to collect damages of one million dollars might be unreasonable, whereas an attorney may well justify a fee of $500 to collect $100 if a client chooses to retain him to pursue such a small amount. It must be remembered here that no one challenges the good faith nature of this claim. Furthermore, there is evidence in the record which indicates that the defendants were figuratively thumbing their noses at plaintiff based upon the defendants' perception that defendants would have a decided "home-field" advantage if this case went into court. The arbitrariness of a party in refusing to honor a claim may well have a bearing on another party's decision to pursue the claim even if pursuit of the claim may turn out to be expensive when compared to the potential damage recovery.
 
 
 9
 We also note that the Supreme Court recently approved, albeit in the context of a civil rights action, a fee of $7,500 in a case in which only $10,000 was recovered in damages. Blanchard v. Bergeron, 109 S.Ct. 939 (1989).[2]
 
 
 10
 There are also cases in which fees loom large in relation to the ultimate judgment because the loser has made the winner go the long way around. It is often difficult at the beginning of a case to predict just what a reasonable attorney fee might be at the end.
 
 
 11
 We conclude by noting that our evaluation of this issue is different than it would be if we were reviewing the award of an attorney's fee by a district judge at the end of a case. It is one thing for a trial judge to exercise his discretion as to an appropriate legal fee when awarding such a fee after trial. It is quite another to conclude to a "legal certainty" early on that a statutory attorney's fee could not exceed $3,500.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 [1]
 Although we review here on an abuse of discretion standard, we are not concluding that that standard would be appropriate in the case of all jurisdictional dismissals. Under certain fact situations, the review may well be the more stringent de novo standard
 
 
 [2]
 The plaintiff in Blanchard originally sought a $40,000 attorney fee