RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1064-MR

JOHNA ROBY                                                         APPELLANT

v.

APPEAL FROM TAYLOR CIRCUIT COURT
HONORABLE KAELIN G. REED, JUDGE
ACTION NO. 17-CI-00215

JAMES RICHARDSON                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE: Appellant, Johna Roby, appeals the Taylor Circuit Court's

September 3, 2021 findings of fact, conclusions of law, and order. The circuit

court awarded restitution to Appellee, James Richardson, Sr., concluding Appellant

was unjustly enriched when she received money from Appellee for a real estate

transaction that was never completed. Finding no error, we affirm.

## BACKGROUND

The facts begin with Appellant's agreement to rent real property on Fallen Timber Road in Campbellsville to James Richardson, Jr. (Junior), who is Appellant's nephew and Appellee's son. Appellant and Junior subsequently discussed Junior's purchase of the property for $38,500. However, Junior's bank declined to finance the transaction.

Nevertheless, Junior and Appellant continued to discuss the possibility of the sale. According to Junior's trial testimony, Appellant needed money quickly or else her own son would lose his home to foreclosure.

With this urgency in mind, Junior discussed the matter with his father, Appellee. Appellee told his son he would be willing to offer Appellant $25,000 to purchase the property himself. Appellee and Junior agreed that Appellee would transfer the property to his son once his son repaid him $25,000. Until then, the property would remain titled in Appellee's name.

Junior then returned to Appellant and told her his father was willing to pay $25,000 for the purchase. Junior testified that Appellant told him she needed the money and to bring her the check. She told him they would "work out the other details between me and you later."

Appellee then wrote Appellant a check for $25,000, with the memo line reading "house on Fallen Timber." Junior delivered the check to Appellant.

Apparently, Junior and Appellant still believed the purchase price was $38,500, because Junior told her he would pay an additional $13,500 within three weeks. Appellant also had an understanding that she would not execute the deed to Appellee until she received the remaining $13,500.

Appellant cashed Appellee's check and used the money to pay down her son's home loan. Junior never paid Appellant the additional $13,500. Appellant, believing she did not receive the entire purchase price, never transferred the deed to Appellee. Appellant never returned Appellee's $25,000. Appellant and Appellee never discussed the purchase of the property directly, and no agreement between them was ever reduced to writing.

Appellee then sued Appellant to recover the $25,000 he viewed as consideration to acquire the property. The circuit court determined no contract existed between Appellant and Appellee because the two mutually misunderstood the amount of money required as consideration for the sale. Appellee's son was also not Appellee's agent and thus was unable to agree upon terms in his father's stead. The court determined specific performance – *i.e.*, delivery of the property to Appellee – was not an available remedy because no contract existed; even if a contract did exist, the court noted such contract would simply be oral and thus Appellee's action on the contract would be barred by the Statute of Frauds. KRS[1]

[1] Kentucky Revised Statutes.

371.010.  With no other remedy available, the circuit court awarded Appellee $25,000 in restitution because Appellant was unjustly enriched following the failed transaction.  Appellant now appeals.

## STANDARD OF REVIEW

"The question of the existence of a contract is a question of fact[.]" *Audiovox Corp. v. Moody*, 737 S.W.2d 468, 471 (Ky. App. 1987) (citation omitted).  A trial court's findings of fact are reviewed for clear error.  *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004).  Findings of fact "are not considered clearly erroneous if they are 'supported by substantial evidence.'"  *Goshorn v. Wilson*, 372 S.W.3d 436, 439 (Ky. App. 2012) (citation omitted).  Substantial evidence is evidence which "has sufficient probative value to induce conviction in the minds of reasonable men[,]" whether it is considered alone or in light of all the evidence.  *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. App. 1972) (citing *Blankenship v. Lloyd Blankenship Coal Co.*, 463 S.W.2d 62 (Ky. 1970)).  As for questions of law, appellate courts review such issues *de novo*.  *Manning v. Lewis*, 400 S.W.3d 737, 740 (Ky. 2013) (citing *Kentucky Pub. Serv. Comm'n v. Commonwealth ex rel. Conway*, 324 S.W.3d 373, 376 (Ky. 2010)).

## ANALYSIS

First, we find no error in the circuit court's determination that no contract existed between Appellant and Appellee "because there was no meeting of

the minds." "One of the essential elements of a contract, if not the most essential element, is the requirement that there be an agreement between the parties." *King v. Ohio Valley Fire & Marine Ins. Co.*, 212 Ky. 770, 280 S.W. 127, 129 (1926) (citing *Dixie Fire Ins. Co. v. Wallace*, 153 Ky. 677, 156 S.W. 140 (1913)). Or, as this principle is often stated, "the parties must enter into a meeting of the minds in order to form an enforceable contract." *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827, 831 (Ky. 2009). While parties to a contract need not have a mutual understanding as to every minor term in their agreement, the parties must "demonstrate their mutual assent to the essential terms of [the] agreement" for their contract to be enforceable. *Gen. Steel Corp. v. Collins*, 196 S.W.3d 18, 21 (Ky. App. 2006).

Appellant and Appellee clearly had different understandings as to the price Appellee would pay for Appellant's property. Appellee told Junior he was willing to pay $25,000 as full consideration for the property, but Appellant understood this amount to constitute only partial payment. Her conversations with Junior reflect this, including his representation he would pay an additional $13,500 so that Appellant would receive the total $38,500 she believed to be the purchase price. Appellant also understood she would not transfer the deed to Appellee until she received the total amount.

Because the parties failed to reach a mutual understanding as to an obviously essential term, we agree with the circuit court that no meeting of the minds occurred between Appellant and Appellee and therefore a contract was never formed. Substantial evidence supports this conclusion, and thus we find no error.

The circuit court is also correct that Junior lacked authority to act as his father's agent. The record does not indicate whether Appellee ever granted his son such authority – expressly or impliedly. Nor did Junior possess apparent authority to accept a different price term; "apparent authority is created when the principal holds out to others that the agent possesses certain authority that may or may not have been actually granted to the agent[,]" *Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 830 (Ky. App. 2014), and nothing indicates Appellant allowed his son to function as anything other than an intermediary in delivering his offer to purchase of $25,000. The circuit court did not err in this determination.

However, Appellant primarily takes issue with the circuit court's application of the Statute of Frauds, KRS 371.010. As the Statute of Frauds provides, "[n]o action shall be brought to charge any person . . . [u]pon any contract for the sale of real estate . . . unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized

-6-

agent." KRS 371.010(6). Though the circuit court determined no contract existed, it did note that even if a contract had hypothetically been formed, the Statute of Frauds would have barred any recovery under that contract. The circuit court raised this point to illustrate Appellee was not entitled to any contract remedy: either no contract ever existed, or the Statute of Frauds barred any contract remedy if an oral contract did exist.

Appellant argues the actual existence of a contract is irrelevant to whether the Statute of Frauds prevents a claim; she argues the statute bars actions arising not only from oral contracts, but also those arising from preliminary negotiations to contracts, even if no contract results from those negotiations. And, she argues, because the Statute of Frauds states "[n]o action shall be brought[,]" KRS 371.010, the Statute of Frauds required the circuit court to dismiss Appellee's suit to recover the $25,000, whether a contract was formed or not.

This argument runs counter to the plain language of the statute itself. Appellant fails to acknowledge the statute specifically qualifies the prohibitions against suits to those based "[u]pon any contract for the sale of real estate . . . ." KRS 371.010(6). Thus KRS 371.010 does not extend to circumstances such as these in which a contract was never formed at all.

Appellant cites *Bennett v. Horton*, 592 S.W.2d 460 (Ky. 1979), as standing for the proposition that the Statute of Frauds applies to claims arising

from pre-formation contractual negotiations. It does not. Rather, *Bennett* stands

for the proposition that, notwithstanding the existence of an oral agreement, actions

to enforce certain species of agreements – including agreements to sell real estate –

are barred by the Statute of Frauds unless by a writing satisfying all requirements

for contract formation. *Bennett*, 592 S.W.2d at 463. The parties in *Bennett* had

such an oral agreement, including a price term: the appellees agreed to rent

property from appellant for a year for $200 per month, and thereafter to purchase

the property from him by paying him the remaining balance of a $75,000 purchase

price. *Id*. at 461. In no way does *Bennett* define the scope of the Statute of Frauds

to include negotiations where no agreement is ever reached at all. Unlike the

parties in *Bennett*, Appellant and Appellee never even reached an agreement in – to

use a generous term – the "negotiations" because they never reached agreement to

an essential contract term, the price.

 The circuit court, observing no available contract remedy, awarded

him restitution under a theory of unjust enrichment. This was not error. As the

court correctly notes, where "there was no meeting of the minds, no contract, but a

bona fide misunderstanding[,] . . . parties are entitled to restitution." *Smith v.

Hilliard*, 408 S.W.2d 440, 442 (Ky. 1966) (citing *Herman v. Jackson*, 405 S.W.2d

9 (Ky. 1966)). It is of no consequence that Appellee failed to pursue recovery

under a theory of unjust enrichment; "[a] party's failure to assert the existence of

unjust enrichment does not serve to make it nonexistent." *Rose v. Ackerson*, 374 S.W.3d 339, 343 (Ky. App. 2012). A trial court "is not precluded from making the legal conclusion that unjust enrichment exists[,]" *id.*, and so the circuit court did not err in applying an unjust enrichment theory to this case.

Three elements must be met for restitution to be available under a theory of unjust enrichment: (1) the defendant benefitted at the plaintiff's expense; (2) resulting appreciation of the benefit by defendant; and (3) defendant inequitably retained the benefit without payment for its value. *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009) (citing *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W. D. Ky. 1987)). Further, if a party has an adequate legal remedy available, recovery for unjust enrichment is barred entirely. *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 778 (Ky. 2017).

The circuit court correctly determined, in the absence of any contract remedy, Appellee was entitled to restitution for Appellant's unjust enrichment. Appellant received $25,000 from Appellee, and Appellant appreciated the benefit by cashing Appellee's check and paying down her son's home loan. Appellant kept her land, and never repaid Appellee. This is the kind of situation equitable theories such as unjust enrichment are intended to rectify. It is inequitable for Appellant to keep Appellee's money when Appellee received nothing in exchange.

# CONCLUSION

For the foregoing reasons, we affirm the Taylor Circuit Court's

September 3, 2021 findings of fact, conclusions of law, and judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Dawn L. McCauley
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Joseph R. Stewart
David Higdon
Lebanon, Kentucky